■ CHRISTOPHER S. ROGERS et al., Appellants, v JOHN E. CHIARELLI et al., Respondents. [781 NYS2d 368]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 9, 2003, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs Christopher S. Rogers and Joseph Rotolo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiffs Christopher S. Rogers and Joseph A. Rotolo did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident through the submission of the deposition testimony and medical records of Rogers and Rotolo, and the affirmation of the defendants'

examining physician (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiffs submitted the affirmation of Rogers' physician, which was based upon an examination that took place approximately four years before the submission of the summary judgment motion (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Kauderer v Penta*, 261 AD2d 365 [1999]), and failed to account for the fact that Rogers had injured his neck and back in a prior accident and in a subsequent accident (*see Freese v Maffetone*, 302 AD2d 490 [2003]; *Finkelshteyn v Harris*, 280 AD2d 579 [2001]). The plaintiffs failed to submit any evidence regarding Rotolo's alleged injuries in opposition to the motion.

Moreover, the plaintiffs failed to submit any competent medical evidence which would support a claim that either Rogers or Rotolo was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident as a result of the accident (*see Sainte-Aime v Ho, supra*; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Altman, J.P., Goldstein, Schmidt, Cozier and Skelos, JJ., concur.