■ VERNELL LUCKEY, Appellant, v JONATHAN BAUCH et al., Respondents. [792 NYS2d 624]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated February 27, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment, the defendants submitted a transcript of the plaintiff's deposition testimony and copies of her medical records (*see Hodges v Jones*, 238 AD2d 962 [1997]). When considered with the affirmed medical reports of their examining orthopedist and neurologist, the defendants' evidence was sufficient to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]).

The burden therefore shifted to the plaintiff to come forward with "competent admissible medical evidence," based on objective findings, sufficient to raise a triable issue of fact that she sustained a serious injury (*McLoyrd v Pennypacker*, 178 AD2d 227, 228 [1991]). The plaintiff failed to meet her burden. The plaintiff submitted numerous inadmissible, unsworn medical reports (*see Pagano v Kingsbury*, 182 AD2d 268 [1992]; *Grasso v Angerami*, 79 NY2d 813, 814 [1991]), which her expert improperly relied upon in making his diagnosis (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). Moreover, the affirmed medical report of her expert failed to adequately account for the injuries to the plaintiff's neck and back as a result of two other motor vehicle accidents, one which occurred before the subject accident, and one which occurred subsequent to the subject accident (*see Rogers v Chiarelli*, 10 AD3d 355 [2004]; *McNeil v Dixon*, 9 AD3d 481, 482-483 [2004]; *Omar v Goodman*, 295 AD2d 413, 414-415 [2002]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.