JORGE A. GIRALDO, Appellant, v JOSEPH J. MANDANICI et al., Respondents. [805 NYS2d 124]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 23, 2004, which granted the motion of the defendants Joseph J. Mandanici and Town of Islip and the separate motion of the defendant Lubin H. Perez for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs to the respondents Joseph J. Mandanici and Town of Islip.

Contrary to the plaintiff's arguments, the defendants' evidence, consisting of the plaintiff's deposition testimony and hospital records, and the affirmed report of the orthopedist who performed an independent medical examination, established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Luckey v Bauch*, 17 AD3d 411 [2005]; *Sims v Megaris*, 15 AD3d 468 [2005]). Even though the orthopedist made no findings as to the range of motion in the plaintiff's cervical spine and found "some" limitation in his lumbar spine, a prima facie case for summary judgment was made out when

he attributed the conditions in the plaintiff's cervical and lumbar spines to degenerative changes.

The plaintiff's evidence in opposition, however, failed to raise a triable issue of fact. As the Supreme Court noted, the plaintiff's experts failed to address the finding of the defendants' expert attributing the condition of the plaintiff's cervical and lumbar spine to degenerative changes as noted on the radiology report made on the day of the accident. This rendered speculative the plaintiff's expert's opinion that the plaintiff's lumbar and cervical conditions were caused by the motor vehicle accident (*see Lorthe v. Adeyeye*, 306 AD2d 252, 253 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]).

Accordingly, the Supreme Court properly granted the motions of the defendants Joseph J. Mandanici and Town of Islip and the separate motion of the defendant Lubin H. Perez for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.