Paul Faulkner, Appellant, v Leonard D. Steinman, Respondent. [813 NYS2d 529]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (LaMarca, J.), dated March 8, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant's evidence, consisting of, inter alia, the plaintiff's deposition testimony and the affirmed medical report of the defendant's examining orthopedist, established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Although the orthopedist set forth range of motion findings as to the plaintiff's cervical spine and did not compare those findings to what is normal, a prima facie case for summary judgment was made out when he attributed the conditions in the plaintiff's cervical spine to degenerative changes (*see Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating chiropractor, which was premised on a recent examination of the plaintiff, specified the degrees of the range of motion in the plaintiff's cervical spine but did so without comparing those findings to the normal range of motion (*see Baudillo v Pam Car & Truck Rental, Inc.*, 23 AD3d 420 [2005]; *Manceri v Bowe*, 19 AD3d 462, 463 [2005]; *Aronov v Leybovich*, 3 AD3d 511, 512 [2004]; *cf. Browdame v Candura*, 25 AD3d 747, 748 [2006]). Furthermore, the affidavit of the plaintiff's chiropractor failed to address the finding of the defendant's orthopedist, who attributed the condition of the plaintiff's cervical spine to degenerative changes (*see Giraldo v Mandanici, supra* at 420; *Ifrach v Neiman*, 306 AD3d 380 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]). This rendered speculative the opinion of the plaintiff's chiropractor that the plaintiff's cervical conditions were caused by the subject accident (*see Giraldo v Mandanici, supra*; *Lorthe v Adeyeye*, 306 AD2d 252, 253 [2003]; *Ginty v MacNamara, supra*). Moreover,

the plaintiff failed to proffer competent medical evidence that the plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.