■ Sohail Khan et al., Appellants, v Todd M. Finchler, Respondent. [824 NYS2d 340]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), dated August 1, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established, prima facie, that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Giraldo v Mandanici,* 24 AD3d 419 [2005]), and the plaintiffs, in opposition, failed to raise a triable issue of fact.

The defendant's orthopedist noted in an affirmed medical report that the magnetic resonance imaging films of the injured plaintiff's back "show[ed] preexisting degenerative disc disease" in the lumbar region and "age-related changes" in the cervical region. The records of the injured plaintiff's treating chiropractor included an X-ray examination report stating that there were "degenerative changes" in the cervical and lumbar regions of the injured plaintiff's spine. The affirmations of the injured

plaintiff's physicians failed to address the findings of degeneration and age-related changes (*see Tudisco v James*, 28 AD3d 536 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]; *Giraldo v Mandanici, supra; Lorthe v Adeyeye*, 306 AD2d 252 [2003]). Moreover, the plaintiffs improperly relied upon the unsworn submissions of the injured plaintiff's treating neurologist (*see Pagano v Kingsbury*, 182 AD2d 268 [1992]).

Furthermore, the plaintiffs failed to proffer competent medical evidence that an injury caused the injured plaintiff to be unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.