■ KEITH EARL, Appellant, v FRANCINA CHAPPLE et al., Respondents. [830 NYS2d 275]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated November 21, 2005, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The defendants satisfied their respective prima facie burdens of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue

of fact warranting a denial of summary judgment (*see Franchini v Palmieri*, 1 NY3d 536 [2003]; *Marietta v Scelzo*, 29 AD3d 539 [2006]). The report of the plaintiff's treating chiropractor was insufficient to raise a triable issue of fact as it was not based upon a recent examination of the plaintiff (*see D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Gomez v Epstein*, 29 AD3d 950, 951 [2006]; *Legendre v Bao*, 29 AD3d 645, 646 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]). The affirmed report of the plaintiff's treating neurologist, Dr. Hausknecht, was also insufficient as it failed to demonstrate that limitations in the plaintiff's ranges of motion, observed in July 2005, were contemporaneous with the accident (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]). In any event, Dr. Hausknecht's report relied upon unsworn reports of other physicians (*see Magarin v Kropf*, 24 AD3d 733, 734 [2005]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]). The affirmed report of the plaintiff's radiologist, Dr. Shapiro, was insufficient as it did not demonstrate that the physical limitations alleged by the plaintiff resulted from the disc injury observed or establish the duration of the injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]; *Diaz v Turner*, 306 AD2d 241, 242 [2003]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Krausman, Fisher and Dillon, JJ., concur.