■ Eileen Passaretti, Appellant, v Ping Kwok Yung, Respondent. [835 NYS2d 224]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated February 28, 2006, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury with the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The affirmed medical reports of the defendant's physician established that the plaintiff's spinal injuries were not causally related to the subject motor vehicle accident, were degenerative and osteoarthritic in nature, and existed prior to the subject accident (*see Fryar v First Student, Inc.*, 21 AD3d 525, 526 [2005]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). The MRI reports prepared by the plaintiff's radiologist upon which the defendant's physician relied (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45, 47 n 1 [2005]; *Meely v 4 G's Truck Renting Co., Inc.*, 16 AD3d 26, 29 [2005]; *Pagano v Kingsbury*, 182 AD2d 268, 271 [1992]) provided support for these conclusions (*cf. Beyel v Console*, 25 AD3d 636 [2006]).

In opposition, the plaintiff's evidence failed to raise a triable issue of fact. The plaintiff's physicians failed to address the findings of degenerative and osteoarthritic changes noted in the MRI reports (*see Khan v Finchler*, 33 AD3d 966, 967 [2006]). Under these circumstances, their opinions that the plaintiff's injuries were causally related to the subject accident were speculative (*see Tudisco v James*, 28 AD3d 536, 537 [2006]; *Giraldo v Mandanici*, 24 AD3d 419, 420 [2005]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.