■ LAKEYA THOMASON, Appellant, v TYSHJA THOMASON et al., Respondents. [836 NYS2d 196]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 13, 2006, which granted the motion of the defendants Tyshja Thomason and Leandra Thomason, and the separate motion of the defendant Sherry Tauber, for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their respective prima facie burdens on their motions for summary judgment by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98

NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Yakubov v CG Trans Corp.,* 30 AD3d 509 [2006]; *Bell v Rameau,* 29 AD3d 839 [2006]; *Luckey v Bauch,* 17 AD3d 411 [2005]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Li v Woo Sung Yun,* 27 AD3d 624 [2006]; *Nemchyonok v Peng Liu Ying,* 2 AD3d 421 [2003]; *Ifrach v Neiman,* 306 AD2d 380 [2003]). For example, the affirmed medical report of the plaintiff's examining physician, which was based on an examination of the plaintiff conducted about 2½ years after the accident, specified the degrees in the plaintiff's cervical spine range of motion, but did so without comparing those findings to the normal range of motion (*see Faulkner v Steinman,* 28 AD3d 604 [2006]; *Baudillo v Pam Car & Truck Rental, Inc.,* 23 AD3d 420 [2005]; *Manceri v Bowe,* 19 AD3d 462, 463 [2005]).

Finally, the plaintiff failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Faulkner v Steinman, supra; Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.

■ Natasha Williams, Respondent, v Gairy P. Broomes, Appellant. [833 NYS2d 408]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schack, J.), dated September 22, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant established, prima facie, that the plaintiff did not sustain a serious injury as a result of the subject accident (*see* Insurance Law § 5102 [d]; *Baez v Rahamatali,* 6 NY3d 868, 869 [2006]; *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Cervino v Gladysz-Steliga,* 36 AD3d 744 [2007]). The plaintiff, in turn, failed to raise an issue of fact (*see Earl v Chapple,* 37 AD3d 520 [2007]; *Whitfield-Forbes v Pazmino,* 36 AD3d 901 [2007]; *Elder v Stokes,* 35 AD3d 799 [2006]; *Ramirez v Parache,* 31 AD3d 415, 416 [2006]; *Ranzie v Abdul-Massih,* 28 AD3d 447, 448 [2006]). Accordingly, the Supreme Court should have granted the defendant's motion. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.