■ ROSILAND BESTMAN, Respondent, v GORDON SEYMOUR et al., Appellants. [838 NYS2d 645]—

In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Kings County (Schack, J.), dated October 13, 2006, which denied their motion for summary judgment dismissing the complaint, and (2), as limited by the brief and the stipulation of the parties dated March 1, 2007, from so much of an order of the same court dated December 8, 2006, as, upon determining, upon reargument, that their motion for summary judgment was timely, denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal from the order dated October 13, 2006 is dismissed, as that order was superseded by the order dated December 8, 2006 made upon reargument; and it is further,

Ordered that the order dated December 8, 2006 is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On their motion for summary judgment, the defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed medical report of the plaintiff's examining neurologist did not establish a triable issue of fact. The plaintiff's examining neurologist evaulated the plaintiff on a single occasion on May 12, 2006 and noted in his report that the plaintiff had "full range of motion" in her cervical spine. In this same report, he concluded that the plaintiff had a 30% reduction in range of motion of the lumbar spine on flexion, and had other significant range of motion limitations on straight-leg raising test results when compared to the normal range of motion. Despite finding these limitations in lumbar range of motion, neither the plaintiff's examining neurologist, in his report, nor the plaintiff, in opposition to the motion, set forth any competent medical evidence showing range of motion limitations in the lumbar spine that were contemporaneous with the subject accident (*see Borgella v D & L Taxi Corp.*, 38 AD3d 701 [2007]; *Iusmen v Konopka*, 38 AD3d 608 [2007]; *Earl v Chapple*,

37 AD3d 520 [2007]; *Zinger v Zylberberg,* 35 AD3d 851 [2006]; *Felix v New York City Tr. Auth.,* 32 AD3d 527 [2006]). No other medical findings concerning range of motion were submitted by the plaintiff in opposition to the defendants' motion.

The only other submission in opposition to the motion was the plaintiff's affidavit, which, by itself, was insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Felix v New York City Tr. Auth., supra; Fisher v Williams,* 289 AD2d 288 [2001]). Moreover, neither the plaintiff nor her examining neurologist adequately explained the gap in her treatment between when she stopped treating in 2003 and her most recent examination on May 12, 2006 (*see Pommells v Perez,* 4 NY3d 566, 574-575 [2005]; *Berktas v McMillian,* 40 AD3d 563 [2d Dept 2007]; *Waring v Guirguis,* 39 AD3d 741 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]; *Albano v Onolfo,* 36 AD3d 728 [2007]). Furthermore, the plaintiff failed to submit any competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.