▉ Penny M. Cameron et al., Respondents, v Carl W. Engelhart, Appellant. [843 NYS2d 479]—

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 24, 2006 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Penny M. Cameron (hereinafter plaintiff) claims that she suffered a serious injury as defined in Insurance Law § 5102

(d) when defendant's vehicle, after crashing through the front window of a Blockbuster store, pinned plaintiff between two counters. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, finding that plaintiffs' evidentiary submissions created a triable issue of fact. This appeal by defendant ensued.

We reverse. Defendant met his burden of establishing that plaintiff did not suffer a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d), the only category of serious injury claimed by plaintiff (see *Haddadnia v Saville*, 29 AD3d 1211, 1211 [2006]; *John v Engel*, 2 AD3d 1027, 1028 [2003]). Defendant's evidence in support of his motion for summary judgment consists of plaintiff's medical records and the affidavit of a doctor who performed an independent medical examination of plaintiff on September 19, 2005. Plaintiff's medical records demonstrate that on the date of the accident, she was diagnosed with a contusion on her left thigh and X rays revealed a "normal left hip exam." Subsequently, plaintiff treated with an orthopedist who diagnosed plaintiff as suffering from a contusion to the left thigh and low back strain. The evidence further demonstrates that plaintiff missed only 18 days of work initially and that in April 2002, she injured her back and left hip as a result of a fall down four stairs. The affidavit of the independent medical examiner based on a physical examination of plaintiff in September 2005 and review of plaintiff's preaccident and postaccident medical records, including MRIs and X rays, indicates that he could find no objective evidence of a serious injury causally related to the motor vehicle accident. In view of this evidence, the burden shifted to plaintiffs to lay bare their evidence raising a genuine issue of fact concerning the existence of a serious injury (see *Pommells v Perez*, 4 NY3d 566, 574 [2005]).

In response, plaintiffs submitted plaintiff's own affidavit and the affidavits of two physicians. Neither doctor indicated the date of last examination and neither included any medical records. Both lack either quantitative evidence or qualitative evidence which would support plaintiff's claim of significant limitation of use of a body function or system (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]), and fail to describe the diagnostic tests employed or to compare plaintiff's current limitations to normal function, purpose and use of the affected body member (see *Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351). Furthermore, plaintiffs have failed to explain the large gaps in periods of treatment or offer evidence clearly based upon recent medical examinations (see *Tuna v Babendererde*, 32 AD3d 574, 577 [2006]).

Finally, it is noted that in large measure plaintiffs' evidence concerning serious injury begins several years after the accident in question and several years after repeated medical exams which consistently fail to reveal any significant injury to plaintiff causally related to the accident. Given the lack of probative medical evidence that plaintiff suffered a serious injury contemporaneous with the subject accident (*see Borgella v D & L Taxi Corp.*, 38 AD3d 701, 702 [2007]; *Ortega v Maldonado*, 38 AD3d 388, 388 [2007]; *Earl v Chapple*, 37 AD3d 520, 521 [2007]), no genuine triable issue of fact exists and defendant's motion should have been granted by Supreme Court.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, with costs, motion granted and complaint dismissed.