■ REGINE SIEGEL, Appellant, v ILYAS SUMALIYEV et al., Defendants, and KENNY BASNIGHT et al., Respondents. [846 NYS2d 583]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated June 7, 2006, which granted the motion of the defendants Kenny Basnight and MV Transportation, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). This burden was established by the submission of the report of the respondents' examining orthopedic surgeon, Dr. Lawrence Miller, who found, inter alia, that the plaintiff had a normal range of motion of her cervical and lumbar spine and that she had no disability causally related to the subject accident (*see Kearse v New York City Tr. Auth.*, 16 AD3d at 49-50). In opposition, the plaintiff failed to raise a triable issue of fact.

The magnetic resonance imaging reports of the plaintiff's cervical spine which showed herniated and bulging discs did not, alone, raise a triable issue of fact as to whether she sustained a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d at 49). The mere existence of a bulging or herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp.*, 30 AD3d at 510; *Kearse v New York City Tr. Auth.*, 16 AD3d at 49). Further, the plaintiff's treating orthopedist, Dr. Fred Montas, failed to address the findings in the report of the respondents' radiolo-

gist, including the findings of degenerative disease (*see Passaretti v Ping Kwok Yung,* 39 AD3d 517 [2007]; *Khan v Finchler,* 33 AD3d 966, 967 [2006]; *Giraldo v Mandanici,* 24 AD3d 419, 420 [2005]). As a result, his opinion that the plaintiff's injuries were causally related to the subject accident was speculative (*see Passaretti v Ping Kwok Yung,* 39 AD3d at 517; *Tudisco v James,* 28 AD3d 536, 537 [2006]; *Giraldo v Mandanici,* 24 AD3d at 420). Moreover, neither his affirmation nor the plaintiff's affidavit adequately explained the gap in treatment evident in the record (*see Waring v Guirguis,* 39 AD3d 741, 742 [2007]; *Li v Woo Sung Yun,* 27 AD3d 624, 625 [2006]; *Neugebauer v Gill,* 19 AD3d 567, 568 [2005]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.