■ NING WANG, Respondent, v HARGET CAB CORP. et al., Appellants, et al., Defendant. [850 NYS2d 537]—

In an action to recover damages for personal injuries, the defendants Harget Cab Corp. and SS & R Management Company, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 13, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint is granted.

The defendants Harget Cab Corp. and SS & R Management Company, Inc. (hereinafter the appellants), made out their prima facie case showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Contrary to the conclusion of the Supreme Court, the plaintiff's opposition papers were insufficient to raise a triable issue of fact.

The plaintiff's treating physiatrist's affirmations, while setting forth limitations as to the plaintiff's ranges of motion as to various parts of his body, were insufficient in that they failed to

account for the 10-month gap between the physiatrist's last treatment of the plaintiff and the plaintiff's examination on January 9, 2007. There was no evidence that the plaintiff underwent any medical treatment in this time period and no explanation as to why none was appropriate (*see Phillips v Zilinsky,* 39 AD3d 728 [2007]; *Caracci v Miller,* 34 AD3d 515 [2006]; *cf. Seecoomar v Ly,* 43 AD3d 900 [2007]; *Black v Robinson,* 305 AD2d 438 [2003]; *see also Pommells v Perez,* 4 NY3d 566 [2005]). Additionally, while there may have been some proof that the plaintiff was suffering from herniated or bulging discs, it was insufficient as there was no objective evidence as to the extent of any alleged physical limitations resulting from the disc injury and its duration (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]).

The plaintiff's affidavit, recalling the events of the accident and the plaintiff's prior treatment, was insufficient to raise a triable issue of fact (*see Fisher v Williams,* 289 AD2d 288 [2001]). The plaintiff's hospital records also were without any probative value in opposing the motion of the appellants since they were uncertified (*see Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]).

Finally, the plaintiff failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.