■ NASIR RASHID, Respondent, v PEDRO ESTEVEZ, Appellant. [850 NYS2d 181]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 16, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is granted.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's treating physician, along with his reports, failed to raise a triable issue of fact. The physician's initial conclusion that the plaintiff suffered from lumbar and cervical radiculopathy was contradicted by his own testing results which revealed that the plaintiff did not suffer from those injuries.

The affidavit of the plaintiff's treating chiropractor, along with his reports, were also insufficient to raise a triable issue of fact. The chiropractor concluded that the plaintiff's lumbar and cervical injuries and limitations were caused by the subject accident and were permanent. However, he failed to address the fact that the plaintiff had been injured previously in a football game, nor did he address the finding of the defendant's examining radiologist that the plaintiff suffered from pre-existing degenerative disc disease in the lumbar region of the spine. Thus, these omissions rendered speculative his conclusions that the injuries and limitations he noted in the plaintiff's cervical and lumbar regions of his spine were the result of the subject accident (*see Phillips v Zilinsky*, 39 AD3d 728 [2007]; *D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Moore v Sarwar*, 29 AD3d 752 [2006]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]).

The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Diaz v Turner*, 306 AD2d 241 [2003]). Thus, the reports of the plaintiff's treating radiologist did not raise a triable issue of

fact. The self-serving affidavit of the plaintiff also was insufficient to establish a triable issue of fact as to the existence of a serious injury (*see Fisher v Williams,* 289 AD2d 288 [2001]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.