■ Jose R. Cruz et al., Appellants, v Jillian A. Calderone, Respondent. [853 NYS2d 909]—

The defendant met her prima facie burden of showing that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs' treating chiropractor averred that the plaintiffs Jose Cruz (hereinafter Jose) and Any Cruz (hereinafter Any) had sustained injuries and limitations to their cervical and/or lumbar spines as a result of the accident, he failed to address the findings of the defendant's examining radiologist, who concluded that Jose suffered from age-related degenerative changes to his cervical spine, and that Any suffered from age related degenerative changes to her lumbar spine. Thus, the chiropractor's opinion that the cervical and/or lumbar injuries and limitations suffered by Jose and Any were caused by the subject accident was speculative (*see Rashid v Estevez,* 47 AD3d 786 [2008]; *Luciano v Luchsinger,* 46 AD3d 634 [2007]; *Siegel v Sumaliyev,* 46 AD3d 666 [2007]; *Giraldo v Mandanici,* 24 AD3d 419 [2005]). Moreover, neither the chiropractor, nor Jose and Any, explained the lengthy gap in their respective treatments which is evident from the record (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Ning Wang v Harget Cab Corp.,* 47 AD3d 777 [2008]; *Siegel v Sumaliyev,* 46 AD3d 666 [2007]).

The magnetic resonance imaging reports prepared by the plaintiffs' examining radiologist also failed to raise an issue of

fact as to whether either Jose and Any sustained serious injury (*see Rashid v Estevez*, 47 AD3d 786 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Siegel v Sumaliyev*, 46 AD3d 666 [2007]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]). The affidavits of Jose and Any were also insufficient to raise a triable issue of fact (*see Rashid v Estevez*, 47 AD3d 786 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]).

Finally, the plaintiffs Jose, Any, and William Cruz did not submit competent medical evidence that they sustained medically-determined injuries of a nonpermanent nature which prevented them from performing substantially all of their daily activities for not less than 90 of the first 180 days following the accident (*see Ning Wang v Harget Cab Corp.*, 47 AD3d 777 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.