ROBERT DOHERTY, Respondent, v SINGH AJAIB et al., Appellants. [853 NYS2d 908]—

The defendants met their prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The report of his treating physician was without any probative value since it is clear that in coming to his conclusions therein he relied upon the unsworn medical reports of others (*see Malave v Basikov*, 45 AD3d 539 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Furrs v Griffith*, 43 AD3d 389 [2007]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]).

Further, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether he sustained a serious injury as a result of the subject accident (*see Rashid v Estevez*, 47 AD3d 786 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Duke v Saurelis*, 41 AD3d 770 [2007]). Moreover, neither the plaintiff nor his treating physician adequately explained the discontinuance of the plaintiff's treatment in October 2002 (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Wei-San Hsu v Briscoe Protective Sys., Inc.*, 43 AD3d 916 [2007]; *Bestman v Seymour*, 41 AD3d 629 [2007]; *Albano v Onolfo*, 36 AD3d 728 [2007]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.