■ JEAN CHERY, Appellant, v YVETTE DALLAS JONES et al., Respondents. [879 NYS2d 170]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated April 14, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident through the affirmed medical reports of their examining orthopedist and radiologist (*see Kurin v Zyuz,* 54 AD3d 902 [2008]; *Passaretti v Ping Kwok Yung,* 39 AD3d 517 [2007]; *Faulkner v Steinman,* 28 AD3d 604 [2006]; *Fryar v First Student, Inc.,* 21 AD3d 525 [2005]; *Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]; *McCauley v Ross,* 298 AD2d 506 [2002]). The plaintiff's submissions in opposition failed to raise a triable issue of fact. The affirmations of the plaintiff's treating physicians were based upon examinations of the plaintiff made nearly three years prior to the motion for summary judgment (*see Diaz v Lopresti,* 57 AD3d 832 [2008]; *Sapienza v Ruggiero,* 57 AD3d 643 [2008]; *Carrillo v DiPaola,* 56 AD3d 712 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Wright v Rodriguez,* 49 AD3d 532 [2008]), and the affirmation of the plaintiff's orthopedic surgeon failed to address the findings of the defendants' examining radiologist that the magnetic resonance imagings of the plaintiff's cervical and lumbar spine and right shoulder, taken shortly af-

ter the accident, did not reveal any posttraumatic changes, but only long-standing degenerative conditions (*see Ciordia v Luchian,* 54 AD3d 708 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Khan v Finchler,* 33 AD3d 966 [2006]). Furthermore, the plaintiff failed to proffer competent medical evidence that he was unable to perform substantially all of his usual and customary daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Leeber v Ward,* 55 AD3d 563 [2008]; *Kurin v Zyuz,* 54 AD3d 902 [2008]; *Jones v Gooding,* 50 AD3d 968 [2008]; *Amato v Fast Repair Inc.,* 42 AD3d 477 [2007]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.