■ GRACE SPARACINO, Appellant, v INCORPORATED VILLAGE OF PORT JEFFERSON et al., Respondents. [894 NYS2d 917]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated November 6, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Chery v Jones*, 62 AD3d 742 [2009]; *Sanchez v Williamsburg Volunteer of Hatzolah, Inc.*, 48 AD3d 664 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether she sustained a medically-determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for at least 90 of the 180 days following the subject accident or whether she sustained a serious injury under the permanent consequential limitation and/or significant limitation of use categories (*see* Insurance Law § 5102 [d]; *Taylor v Flaherty*, 65 AD3d 1328 [2009]; *Petrone v Thornton*, 166 AD2d 513 [1990]; *Ottavio v Moore*, 141 AD2d 806 [1988]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Santucci, J.P., Balkin, Dickerson and Chambers, JJ., concur.