In an action to recover damages for personal injuries, the defendants Karen M. Margolis and Ethan Margolis appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated June 22, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, *808 and the defendant Julio Consalvo, Jr., separately appeals from the same order.
Ordered that the appeal by the defendant Julio Consalvo, Jr., is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,
Ordered that the order is reversed insofar as appealed from by the defendants Karen M. Margolis and Ethan Margolis, on the law, and the motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,
Ordered that one bill of costs is awarded to the defendants Karen M. Margolis and Ethan Margolis, payable by the plaintiff.
The plaintiff claims that she injured her right knee in a December 2007 motor vehicle accident. In that accident, the vehicle in which the plaintiff was a passenger was struck by a vehicle owned and operated by the defendant Julio Consalvo, Jr., and Consalvo’s vehicle was struck by a vehicle owned by the defendant Karen M. Margolis and operated by the defendant Ethan Margolis (hereinafter together the Margolis defendants).
The Supreme Court erred in denying the Margolis defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The Margolis defendants submitted evidence, including an affirmed report from an orthopedic surgeon and the plaintiffs medical records, showing that the plaintiff suffered from a pre-existing degenerative condition in her right knee, and that total knee-replacement surgery had been suggested to her approximately 16 months prior to this accident. Based on that evidence, the Margolis defendants established, prima facie, that the claimed injury was not caused by the subject accident (see Chery v Jones, 62 AD3d 742, 742-743 [2009]; Faulkner v Steinman, 28 AD3d 604, 605 [2006]; Kaplan v Vanderhans, 26 AD3d 468, 469 [2006]; Meyers v Bobower Yeshiva Bnei Zion, 20 AD3d 456 [2005]).
In opposition to that prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff’s two treating orthopedists stated, in affirmations, that the subject accident exacerbated the condition of the plaintiff’s right knee, which caused her to undergo knee-replacement surgery earlier than was optimal in light of certain other health conditions. However, those physicians failed to explain, in a specific and nonconclu *809 sory manner, how the subject accident exacerbated the plaintiffs pre-existing condition, necessitating immediate surgery. Under these circumstances, the plaintiff failed to raise a triable fact issue as to causation (see Chery v Jones, 62 AD3d at 742; Ciordia v Luchian, 54 AD3d 708 [2008]; D’Alba v Yong-Ae Choi, 33 AD3d 650, 651 [2006]). Accordingly, the Margolis defendants were entitled to summary judgment dismissing the complaint insofar as asserted against them.
Rivera, J.E, Lott, Roman and Hinds-Radix, JJ., concur.