■ CHARLENE DAVIS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [742 NYS2d 658] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered December 20, 2000, which, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the plaintiff and against it in the total sum of $375,695.64.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The jury found that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). However, that determination is not supported by any valid line of reasoning or permissible inferences based on the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Nicastro v Park,* 113 AD2d 129, 132).

The plaintiff did not sustain an injury which resulted in the "permanent loss of use of a body organ, member, function or system." The evidence, which included, inter alia, a video tape of her walking normally and climbing into her van without any assistance, established that her loss of use alleged in this case was not total (*see Oberly v Bangs Ambulance,* 96 NY2d 295, 297).

The plaintiff also failed to produce objective medical evidence to substantiate the existence of an injury which limited her activities for at least 90 of the first 180 days following the accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570; *Watt v Eastern Investigative Bur.,* 273 AD2d 226, 227; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201). The plaintiff's only submission in this regard was her own testimony that she was

bedridden following the accident, which was insufficient as a matter of law.

A herniated disc may constitute a serious injury (see *Duldulao v City of New York,* 284 AD2d 296; *Monette v Keller,* 281 AD2d 523). However, a plaintiff has the burden to provide objective medical evidence to establish the extent or degree of the alleged physical limitations resulting from the disc injury (see *Duldulao v City of New York, supra* at 297; *Monette v Keller, supra* at 524; *Sainte-Aime v Ho, supra; Guzman v Paul Michael Mgt.,* 266 AD2d 508, 509). The plaintiff failed to meet this burden. The testimony of the plaintiff's physician regarding a thigh measurement and his observation of a muscle spasm did not relate to the extent of the plaintiff's alleged limitation. The only evidence regarding the extent of the plaintiff's alleged limitation was evidence of her complaints of pain and limitation, as well as the subjective findings of her testifying physician. Because this testimony was insufficient as a matter of law to establish the existence of a serious injury, her complaint must be dismissed (see *Licari v Elliott,* 57 NY2d 230, 239-240).

In light of our determination, we need not reach the defendant's remaining contentions. McGinity, J.P., H. Miller, Adams and Crane, JJ., concur.