■ VIRGILIO BRAVO, Appellant, v ABDUL SYED REHMAN, Respondent. [814 NYS2d 225]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kitzes, J.), dated October 14, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by his brief, from so much of an order of the same court dated January 27, 2005, as denied that branch of the plaintiff's motion which was for leave to renew and, upon, in effect, reargument, adhered to its original determination in the order dated October 14, 2004.

Ordered that the appeal from the order dated October 14, 2004 is dismissed, on the ground that is was superseded by so much of the order dated January 27, 2005, as was, in effect, made upon reargument; and it is further,

Ordered that the order dated January 27, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The order dated January 27, 2005, in effect, granted that branch of the plaintiff's motion which was for reargument and adhered to the original determination in the order dated October 14, 2005 (*see Schimsky v St. John's Episcopal Hosp.*, 163 AD2d 293 [1990]). The original determination in the order dated October 14, 2005 was proper. The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff relied on unaffirmed medical reports without any probative value (*see Hernandez v Taub*, 19 AD3d 368 [2005]; *Holder v Brown*, 18 AD3d 815 [2005]; *Mendoza v Whitmire*, 6 AD3d 675 [2004]) and the findings contained in an affidavit from his treating physician which did not quantify any loss of range of motion (*see Kinchler v Cruz*, 22 AD3d 808 [2005]; *Nelson v Amicizia*, 21 AD3d 1015 [2005]). The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury or its duration (*see Kearse v New York City Tr. Auth., supra; Diaz v Turner*, 306 AD2d 241 [2003]).

Furthermore, the plaintiff failed to proffer competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]).

The Supreme Court properly denied leave to renew on the ground that the plaintiff "failed to offer a reasonable justification" for not submitting the new information in opposition to the original motion (*Renna v Gullo*, 19 AD3d 472, 473 [2005]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.