■ BERNARD CERISIER, Appellant, v CARL THIBIU, Respondent. [815 NYS2d 140]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 15, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The submissions of the plaintiff's treating physician and neurologist, as well as his examining orthopedist, were not based upon recent examinations (*see Murray v Hartford,* 23 AD3d 629 [2005]; *Farozes v Kamran,* 22 AD3d 458 [2005]; *Batista v Olivo,* 17 AD3d 494

[2005]; *Constantinou v Surinder,* 8 AD3d 323 [2004]; *Kauderer v Penta,* 261 AD2d 365 [1999]). The magnetic resonance images of the plaintiff's cervical and lumbar spine which showed bulging discs, did not, alone, establish a serious injury (*see Kearse v New York City Tr. Auth., supra; Diaz v Turner,* 306 AD2d 241 [2003]; *see also Hernandez v Taub,* 19 AD3d 368 [2005]). The mere existence of a bulging or herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Kearse v New York City Tr. Auth., supra; Diaz v Turner, supra; see also Pommells v Perez,* 4 NY3d 566 [2005]). Therefore, the defendant was entitled to summary judgment dismissing the first cause of action. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.