■ Nerya Yakubov, Respondent, v CG Trans Corporation et al. Appellants. [817 NYS2d 353]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 3, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants' evidence, consisting of the plaintiff's deposition testimony, the bill of particulars, and the affirmed medical report of their examining neurologist, established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The plaintiff does not contest on appeal that the defendant made such a prima facie showing.

Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact. Although the affirmed medical reports of the plaintiff's examining neurologist observed limitations in various aspects of the range of motion of the plaintiff's cervical and lumbar spine, the only admissible evidence submitted by the plaintiff was an examination that was remote in time and failed to take into account an intervening injury (see Ranzie v Abdul-Massih, 28 AD3d 447 [2006]; Li v Woo Sung Yun, 27 AD3d 624 [2006]; Suk Ching Yeung v Rojas, 18 AD3d 863 [2005]; Nemchyonok v Peng Liu Ying, 2 AD3d 421 [2003]). The magnetic resonance imaging reports submitted by the plaintiff in opposition to the motion did not establish that he sustained a serious injury as a result of the subject accident. The mere existence of bulging or herniated discs is not evidence of serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and their duration (see Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]; Diaz v Turner, 306 AD2d 241 [2003]). The plaintiff's self-serving affidavit was insufficient to meet that requirement. The remainder of the plaintiff's opposition consisted of either unsworn or unaffirmed medical reports and records, and thus were without probative value in opposing the motion for summary judgment (see Grasso v Angerami, 79 NY2d 813 [1991]; Pagano v Kingsbury, 182 AD2d 268 [1992]; Hernandez v Taub, 19 AD3d 368 [2005]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.