THERESA QUAGLIARELLO, Appellant, v BRUCE PALADINO et al., Respondents. [835 NYS2d 724]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated January 10, 2006, which granted the motion of the defendant Bruce Paladino, and the separate motion of the defendants Kbabyeh Rouz and Zoura Lati, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs payable to the respondents, appearing separately and filing separate briefs.

The respondents met their respective prima facie burdens, on their separate motions for summary judgment, of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

While the affirmed medical report of the plaintiff's treating physician noted limitations in the range of motion of her cervical and lumbar spine over one year and three years after the accident, the plaintiff failed to provide any admissible medical proof that was contemporaneous with the subject accident which showed range of motion limitations in her spine (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Ramirez v Parache*, 31 AD3d 415 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]).

The magnetic resonance images of the plaintiff's cervical spine which showed bulging discs and a herniated disc did not, alone, establish a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The mere existence of a bulging or herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp., supra*; *Kearse v New York City Tr. Auth., supra*). The affidavit of the plaintiff was insufficient to show that she suffered a serious injury caused by the accident since there was no objective medical evidence to demonstrate that she suffered a serious injury (*see Yakubov v CG Trans Corp., supra*; *Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.