■ Zulma Espinosa, Respondent, v George Melendez, Defendant, and Elise Payen, Appellant. [837 NYS2d 208]—

In an action to recover damages for personal injuries, the defendant Elise Payen appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated October 17, 2006, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Elise Payen for summary judgment dismissing the complaint insofar as asserted against her is granted.

The defendant Elise Payen met her prima facie burden on her motion of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff failed to provide any admissible medical proof that was contemporaneous with the subject accident that showed range of motion limitations in her spine and shoulder (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]).

The magnetic resonance images of the plaintiff's cervical spine which showed a bulging disc did not, alone, establish a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp., supra; Kearse v New York City Tr. Auth., supra*). The self-serving affidavit of the plaintiff was insufficient to show that she sustained a serious injury from the accident since there was no objective medical evidence to show that she sustained such an injury (*see Yakubov v CG Trans Corp., supra; Davis v New York City Tr. Auth.*, 294 AD2d 531, 531-532 [2002]).

The remaining submissions of the plaintiff were without probative value in opposing the motion since they were unsworn, unaffirmed, or uncertified (*see Grasso v Angerami,* 79 NY2d 813, 814-815 [1991]; *Felix v New York City Tr. Auth.,* 32 AD3d 527, 528 [2006]; *Yakubov v CG Trans Corp., supra; Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]; *see also* CPLR 4518 [c]).

The plaintiff also failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.