■ MARGARET GARCIA, Respondent, v FERNANDO SOLBES, Appellant. [838 NYS2d 146]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated August 2, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

While the affidavit and medical report of the plaintiff's examining orthopedist noted limitations in the plaintiff's range of motion of her cervical spine, the plaintiff failed to provide any admissible medical proof that was contemporaneous with the subject accident which showed range of motion limitations in her spine (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Ramirez v Parache*, 31 AD3d 415 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624 [2006]). The magnetic

resonance images of the plaintiff's cervical and lumbar spine, which showed multiple bulging and herniated discs, and of her right shoulder, which showed impingement, did not, alone, establish a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The mere existence of those conditions is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injuries and their duration (*see Yakubov v CG Trans Corp., supra*; *Kearse v New York City Tr. Auth., supra*). The self-serving affidavit of the plaintiff and her deposition testimony were insufficient to show that she suffered a serious injury caused by the accident since there was no objective medical evidence to show that she suffered a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

The plaintiff failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho, supra*). Mastro, J.P., Ritter, Skelos, Carni, and McCarthy, JJ., concur.