■ SOPHIA J. GORDON-SILVERA, Appellant, v LONG ISLAND RAILROAD, Doing Business as MTA LONG ISLAND RAILROAD (LIRR), et al., Respondents. [837 NYS2d 324]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated March 1, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof, granting that branch of the motion which was for summary judgment dismissing the second cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation and affidavit of the plaintiff's experts failed to address the findings of degeneration in her spine as noted in the affirmed medical report of the defendant's examining radiologist, rendering speculative the conclusion that the injuries to her spine were caused by the subject accident (*see Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Ifrach v Neiman*, 306 AD2d 380 [2003];

*Lorthe v Adeyeye,* 306 AD2d 252 [2003]; *Ginty v MacNamara,* 300 AD2d 624 [2002]). Moreover, in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injuries and their duration, the magnetic resonance images of the plaintiff's cervical and lumbar spine which showed bulging discs and a herniation are not, in themselves, evidence of a serious injury (*see Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu,* 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). Further, the affidavit of the plaintiff and her deposition testimony were insufficient to raise a triable issue of fact that she sustained a serious injury caused by the accident since there was no objective medical evidence to show that she sustained a serious injury (*see Yakubov v CG Trans Corp., supra; Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Finally, "[t]he plaintiff's assertion that she was unable to return to work and perform her usual and customary activities after the accident, without objective evidence substantiating the existence of a medically-determined injury which caused the alleged limitation of her activities, was insufficient to raise a triable issue of fact as to her inability to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident" (*Sainte-Aime v Ho, supra* at 570). Accordingly, the plaintiff's causes of action seeking to recover damages for personal injuries were properly dismissed.

However, the second cause of action to recover damages for injury to property should not have been summarily dismissed (*see Pajda v Pedone,* 303 AD2d 729 [2003]; *McCauley v Ross,* 298 AD2d 506 [2002]; *Yaraghi v Zeller,* 286 AD2d 765 [2001]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.