LISA M. NANNARONE, Appellant, v FRANK J. OTT, Respondent. [837 NYS2d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated May 18, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff

failed to proffer competent medical evidence that was contemporaneous with the subject accident which showed any range of motion limitations in her right knee (*see Bell v Rameau,* 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih,* 28 AD3d 447, 448 [2006]). The magnetic resonance imaging reports of the plaintiff's right knee which showed, inter alia, a meniscal tear did not, alone, establish a serious injury (*see Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu,* 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). The mere existence of such an injury is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Yakubov v CG Trans Corp., supra; Kearse v New York City Tr. Auth., supra*). The plaintiff's self-serving affidavit was insufficient to meet that requirement (*see Yakubov v CG Trans Corp., supra*). The remaining submission of the plaintiff, an X-ray report, was without probative value in opposing the motion since it was unsworn or unaffirmed (*see Grasso v Angerami,* 79 NY2d 813, 814-815 [1991]; *Felix v New York City Tr. Auth.,* 32 AD3d 527, 528 [2006]; *Yakubov v CG Trans Corp., supra; Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]).

Further, the plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained in the accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Bell v Rameau, supra; Sainte-Aime v Ho,* 274 AD2d 569 [2000]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.