■ Young Soo Lee, Appellant, v Justin A. Troia, Respondent. [837 NYS2d 299]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (Price, J.), dated July 7, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of his treating physician and the affirmed report of his examining orthopedic surgeon failed to address the findings of degeneration in his spine as noted in the affirmed medical report of the defendant's radiologist, rendering speculative the findings that the injuries to his spine were caused by the subject accident (*see Giraldo v Mandanici*, 24 AD3d 419, 420 [2005]; *Lorthe v Adeyeye*, 306 AD2d 252, 253 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]).

The magnetic resonance images of the plaintiff's cervical and lumbar spine, which showed multiple bulging and herniated discs, did not, alone, establish a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp., supra; Kearse v New York City Tr. Auth., supra*). The plaintiff's self-serving affidavit was insufficient to meet that requirement (*see Yakubov v CG Trans Corp., supra*). The remaining submissions of the plaintiffs were without probative value in opposing the motion since they were unsworn/unaffirmed or uncertified (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Yakubov v CG Trans Corp., supra; Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]; *see also* CPLR 4518 [c]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.