■ RUSSEL TOBIAS, Respondent, v IGOR CHUPENKO et al., Appellants. [837 NYS2d 334]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated September 5, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden on their motion of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's examining physician, Dr. Levinson, failed to quantify, on the basis of objective testing, the limitations which he found in the plaintiff's lumbar spine (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Davis v New York City Tr. Auth.*, 294 AD2d 531, 532 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Moreover, while the affirmation of the plaintiff's examining physician, Dr. Brown, set forth range of motion findings with respect to the plaintiff's left shoulder, right wrist, and left knee, it failed to compare those findings to the normal range of motion (*see Osgood v Martes*, 39 AD3d 516 [2007]; *Caracci v Miller*, 34 AD3d 515 [2006]; *Nagbe v Minigreen Hacking Group*, 22 AD3d 326, 327 [2005]; *Bent v Jackson*, 15 AD3d 46, 49 [2005]).

Furthermore, the affirmation of the plaintiff's treating physician, Dr. Gasalberti, and the affidavit of the plaintiff's chiropractor, Dr. Vendittelli, were insufficient to raise a triable issue of fact, as they were not based upon a recent examination of the plaintiff (*see Gomez v Epstein*, 29 AD3d 950, 951 [2006]; *Legendre v Bao*, 29 AD3d 645, 646 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]).

The magnetic resonance images of the plaintiff's shoulders which showed a tear of the supraspinatus tendon on the right shoulder and tendonopathy of the left shoulder did not establish a serious injury (*cf. Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu, supra* at 508; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). Those findings are not evidence of a serious injury in the absence of objective evidence of the extent and duration of the alleged physical limitations resulting from the injury (*see Yakubov v CG Trans Corp., supra*; *Kearse v New York City Tr. Auth., supra*).

The plaintiff's self-serving affidavit was insufficient to show that he sustained a serious injury since there was no objective medical evidence in support of it (*see Yakubov v CG Trans Corp., supra*; *Davis v New York City Tr. Auth., supra*; *Sainte-Aime v Ho, supra*). The plaintiff also failed to proffer any competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Sainte-Aime v Ho, supra*). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.