■ Rosemary Munoz et al., Appellants, v Pavel Koyfman et al., Respondents. [844 NYS2d 111]—

In an action to recover damages for personal injuries, the plaintiffs, Rosemary Munoz individually, and Sebastian Munoz, an infant under the age of 14 by his mother and natural guardian Rosemary Munoz, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated September 5, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Rosemary Munoz individually, on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Sebastian Munoz, an infant under the age of 14 by his mother and natural guardian Rosemary Munoz, is dismissed, without costs or disbursements, as he is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court correctly concluded that the defendants met their prima facie burden of establishing that the plaintiff Rosemary Munoz (hereinafter Rosemary) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

In opposition, the affidavit of Rosemary's treating chiropractor failed to raise a triable issue of fact. His conclusions were speculative because he failed to account for the numerous accidents, both before and after the subject one, in which Rosemary injured the same parts of her body that she alleges were injured in this action (*see Moore v Sarwar*, 29 AD3d 752, 753 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Bennett v Genas*, 27 AD3d 601, 601-602 [2006]; *Allyn v Hanley*, 2 AD3d 470, 471 [2003]). Moreover, Rosemary never explained the lengthy gap in her treatment (*see Berktas v McMillian*, 40 AD3d 563, 564 [2007]; *Waring v Guirguis*, 39 AD3d 741, 742 [2007]; *Phillips v Zilinsky*, 39 AD3d 728, 729 [2007]; *Allyn v Hanley*, 2 AD3d 470, 470-471 [2003]; *see also Pommells v Perez*, 4 NY3d 566, 574 [2005]). Rosemary's reliance on her magnetic resonance imaging reports was insufficient, on its own, to raise a triable issue of fact since the radiologist who prepared them did not es-

tablish what caused the pathology described therein (*see Collins v Stone,* 8 AD3d 321, 322 [2004]). The statements contained in Rosemary's self-serving affidavit were insufficient to raise a triable issue of fact as well (*see Garcia v Solbes,* 41 AD3d 426, 427 [2007]; *Fisher v Williams,* 289 AD2d 288, 289 [2001]). Finally, Rosemary failed to proffer competent medical evidence that she sustained a medically determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.