■ SHERMA BYAM, Appellant, v MONA WALTUCH, Respondent. [857 NYS2d 605]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated April 16, 2007, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's treating physician was without any probative value since it is clear that the physician relied on the unsworn reports of others (*see Malave v Basikov,* 45 AD3d 539 [2007];

*Verette v Zia,* 44 AD3d 747 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]). The affidavit of the plaintiff's treating chiropractor Scott H. Leist failed to address the findings of the defendant's examining radiologist, who concluded that the injuries to the plaintiff's cervical spine, lumbar spine, and left knee were the result of degeneration and not because of the subject accident. This failure rendered speculative Leist's opinion that the plaintiff's spine and left knee injuries and limitations, as set forth in his affidavit, were the result of the subject accident (*see Giraldo v Mandanici,* 24 AD3d 419 [2005]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]; *Pajda v Pedone,* 303 AD2d 729 [2003]; *Ginty v MacNamara,* 300 AD2d 624 [2002]). Moreover, Leist failed to adequately address the fact that the plaintiff was involved in a prior accident in 1998, in which she claimed to have injured her lumbar spine, cervical spine, and left knee. This failure further rendered speculative any conclusion that the injuries or limitations he noted with respect to the plaintiff's cervical spine, lumbar spine, or left knee were the result of the subject accident (*see Moore v Sarwar,* 29 AD3d 752 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]).

The magnetic resonance imaging reports of the plaintiff's left knee, cervical spine, and lumbar spine, as authored by Dr. Richard Rizzuti, merely established that, as of October 2004, the plaintiff showed evidence of herniated discs at C5-6 and L3-4, as well as a sprain of the anterior cruciate ligament in the left knee. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose,* 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.,* 30 AD3d 509 [2006]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Diaz v Turner,* 306 AD2d 241 [2003]). Strains and sprains are not considered serious injuries under Insurance Law § 5102 (d) (*see Washington v Cross,* 48 AD3d 457 [2008]). Moreover, Rizzuti did not opine as to the cause of the injuries he identified (*see Collins v Stone,* 8 AD3d 321, 322 [2004]).

Finally, the plaintiff failed to proffer competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.