■ KEISHA C. BROWNE, Respondent, v M & P DISTRIBUTORS CORP. et al., Appellants. [861 NYS2d 366]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), entered March 27, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The submissions of the plaintiff's treating physician were without any probative value since these submissions consisted of either uncertified records or unaffirmed medical reports (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). Although the plaintiff properly relied on the

magnetic resonance imaging reports of the cervical and lumbar regions of her spine since the results of those reports were set forth in the affirmed medical report of the defendants' examining orthopedist (*see Casas v Montero,* 48 AD3d 728 [2008]; *Zarate v McDonald,* 31 AD3d 632 [2006]; *Ayzen v Melendez,* 299 AD2d 381 [2002]), those reports merely found that as of November 6, 2003, the plaintiff had disc bulges at C2-3 through C6-7 and at L3-4 through L5-S1. The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Piperis v Wan,* 49 AD3d 840 [2008]; *Mejia v DeRose,* 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.,* 30 AD3d 509 [2006]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Diaz v Turner,* 306 AD2d 241 [2003]). No other objective medical evidence was relied upon by the plaintiff. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.