■ LYNNE SMEJA, Appellant, v JUAN FUENTES et al., Respondents. [863 NYS2d 689]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered August 15, 2006, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court dated September 15, 2006, which, upon the order, is in favor of the defendants and against her, dismissing the complaint. The

notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly concluded that the defendants met their initial prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed report of Dr. Edward Firouztale, dated February 23, 2006, failed to raise a triable issue of fact because while Dr. Firouztale noted that the plaintiff, on various dates, showed "decreased" range of motion in the cervical spine, he failed to adequately quantify or qualify those restrictions (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351).

The magnetic resonance imaging (hereinafter MRI) reports of Dr. Mark Lodespoto and Dr. Seth Mankes were not competent evidence since they were unaffirmed (*see Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Verette v Zia*, 44 AD3d 747 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]; *see also Grasso v Angerami*, 79 NY2d 813 [1991]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]). The same is true of almost all of the reports of Dr. Donald Holzer submitted by the plaintiff, with the exception of his reports dated May 8, 2002, and March 12, 2003. Those reports were properly relied upon by the plaintiff since the latter report was relied upon by the defendants and the results of the former report were noted in the report of the defendant's examining neurologist, Dr. Edward Weiland (*see Kearse v New York City Tr. Auth.*, 16 AD3d at 47 n 1; *see also Zarate v McDonald*, 31 AD3d 632 [2006]). Despite the fact that both reports were properly relied upon by the plaintiff, they failed to raise a triable issue of fact. In the report dated May 8, 2002, while Dr. Holzer set forth cervical spine ranges of motion concerning the

plaintiff, he failed to compare those findings to what is normal (*see Page v Belmonte,* 45 AD3d 825 [2007]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Fleury v Benitez,* 44 AD3d 996 [2007]; *Nociforo v Penna,* 42 AD3d 514, 515 [2007]), and the report dated March 12, 2003, actually showed that on that date, the plaintiff had full range of motion in her cervical spine.

Although the MRI reports of Dr. Robert Peyster and Dr. Bonnie Rosen also were properly relied upon by the plaintiff, neither report raised a triable issue of fact since they merely noted that as of May 17, 2002, and January 25, 2004, there was evidence that the plaintiff had herniated and bulging discs in the cervical spine at C3-4, C4-5, and C6-7, along with evidence that degenerative disc disease existed at those same levels. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sharma v Diaz,* 48 AD3d 442 [2008]; *Mejia v DeRose,* 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.,* 30 AD3d 509 [2006]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Diaz v Turner,* 306 AD2d 241 [2003]). Further, neither Dr. Peyster nor Dr. Rosen authored any opinion on the cause of the findings they made within their own reports (*see Collins v Stone,* 8 AD3d 321, 322 [2004]). The affidavit of the plaintiff was insufficient to raise a triable issue of fact (*see Young Soo Lee v Troia,* 41 AD3d 469 [2007]; *Nannarone v Ott,* 41 AD3d 441 [2007]; *Vidor v Davila,* 37 AD3d 826 [2007]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.