In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Taylor, J.), entered January 29, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is granted.
The defendants met their prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. While the sworn medical report of Dr. Jeffrey Rauch and the affirmed medical report of Dr. Arkadiy Shusterman set forth significant range-of-motion limitations in the plaintiffs cervical and lumbar spine based on recent examinations, neither these experts nor the plaintiff proffered objective medical evidence that revealed the existence of limitations in his spine that were contemporaneous with the subject accident (see Leeber v Ward, 55 AD3d 563 [2008]; Ferraro v Ridge Car Serv., 49 AD3d 498 [2008]; D’Onofrio v Floton, Inc., 45 AD3d 525 [2007]).
The affirmation of Dr. Harvey Lefkowitz essentially established that, as of February 11, 2004, there was evidence that the plaintiff had herniated discs at C4-5 and C5-6. The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (see Sealy v Riteway-1, Inc., 54 AD3d 1018 [2008]; Kilakos v Mascera, 53 AD3d 527 [2008], lv denied 11 NY3d 707 [2008]; Cerisier v Thibiu, 29 AD3d 507 [2006]; Bravo v Rehman, 28 AD3d 694 [2006]; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]). The plaintiffs self-serving affidavit was insufficient to meet that requirement (see Rabolt v Park, 50 AD3d 995 [2008]; Young Soo Lee v Troia, 41 AD3d 469 [2007]; Nannarone v Ott, 41 AD3d 441 [2007]). The plaintiffs remaining submissions did not constitute competent evidence sufficient to oppose the defendants’ motion since they were neither sworn to, affirmed, notarized, nor certified (see Grasso v *420 Angerami, 79 NY2d 813 [1991]; Uribe-Zapata v Capallan, 54 AD3d 936 [2008]; Patterson v NY Alarm Response Corp., 45 AD3d 656 [2007]; Verette v Zia, 44 AD3d 747 [2007]; Nociforo v Penna, 42 AD3d 514 [2007]; Pagano v Kingsbury, 182 AD2d 268 [1992]; see also Mejia v DeRose, 35 AD3d 407 [2006]; Kunz v Gleeson, 9 AD3d 480 [2004]).
Finally, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (see Rabolt v Park, 50 AD3d 995 [2008]; Roman v Fast Lane Car Serv., Inc., 46 AD3d 535, 536 [2007]; Sainte-Aime v Ho, 274 AD2d 569, 570 [2000]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.