In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Satterfield, J.), entered December 26, 2007, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The Supreme Court properly determined that the defendant met his prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The Supreme Court erred, however, in concluding that the plaintiffs opposition raised a triable issue of fact. Dr. Deborah Turner, the plaintiffs treating chiropractor, concluded in her affidavit that the plaintiff sustained permanent injuries to his cervical and lumbar spine, and that those injuries amounted to a significant limitation of use of those regions of his spine. Neither Turner nor the plaintiff, however, proffered competent medical evidence that showed cervical and/or lumbar spine range-of-motion limitations that were contemporaneous with the subject accident (see Leeber v Ward, 55 AD3d 563 [2008]; Ferraro v Ridge Car Serv., 49 AD3d 498 [2008]; D’Onofrio v Floton, Inc., 45 AD3d 525 [2007]).
The magnetic resonance imaging reports of Dr. Richard Rizzuti, the plaintiffs radiologist, showed only that, as of November 2004, the plaintiff exhibited evidence of disc herniations at C3-4, L4-5, and L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objec *604 tive evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (see Sealy v Riteway-1, Inc., 54 AD3d 1018 [2008]; Kilakos v Mascera, 53 AD3d 527 [2008], lv denied 11 NY3d 707 [2008]; Cerisier v Thibiu, 29 AD3d 507 [2006]; Bravo v Rehman, 28 AD3d 694 [2006] ; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]). The plaintiffs affidavit was insufficient to meet that requirement (see Rabolt v Park, 50 AD3d 995 [2008]; Young Soo Lee v Troia, 41 AD3d 469 [2007]; Nannarone v Ott, 41 AD3d 441 [2007] ).
Further, the plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the accident (see Rabolt v Park, 50 AD3d 995 [2008] ; Roman v Fast Lane Car Serv., Inc., 46 AD3d 535 [2007]; Sainte-Aime v Ho, 274 AD2d 569 [2000]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur. [See 2007 NY Slip Op 33999CU).]