■ GABRIEL LUNA et al., Respondents, v ULLAH SAIF MANN et al., Respondents, and DRISSA KONE et al., Appellants. [872 NYS2d 467]—

In an action to recover damages for personal injuries, the defendants Drissa Kone and Follow Me Transit, Inc., appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated March 28, 2008, which granted the plaintiffs' motion for leave to reargue their opposition to the prior motion of the defendants Drissa Kone and Follow Me Transit, Inc., for summary judgment dismissing the complaint insofar as asserted by the plaintiff Roberto Flores against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), which had been granted in an order dated October 25, 2007, and upon reargument, denied their motion for summary judgment.

Ordered that the order dated March 28, 2008 is modified, on the law, by deleting the provision thereof which, upon reargument, denied the motion of the defendants Drissa Kone and Follow Me Transit, Inc., for summary judgment dismissing the complaint insofar as asserted by the plaintiff Roberto Flores against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor a provision adhering to the original determination in the order dated October 25, 2007 granting the motion of the defendants Drissa Kone and Follow Me Transit, Inc., for summary judgment; as so modified, the order dated March 28, 2008 is affirmed, with costs to the appellants.

Contrary to the contention of the defendants Drissa Kone and Follow Me Transit, Inc. (hereinafter together the appellants), the Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to reargue (*see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.,* 36 AD3d 653, 654 [2007]; *see also Pimentel v Mesa,* 28 AD3d 629 [2006]). However, upon reargument, the Supreme Court erred in failing to adhere to its

original determination granting the appellants' motion for summary judgment. The appellants met their prima facie burden of showing that the plaintiff Roberto Flores did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Flores sustained a serious injury. The report of Dr. Barry Pinchefsky dated June 10, 2005, the EMG report of Dr. Rey Bello dated June 14, 2004, the report of Dr. Vincent Vasile dated June 10, 2005, and the computerized range-of-motion test reports dated May 12, 2004, June 9, 2004, and July 21, 2004, respectively, were all without any probative value since they were unsworn or unaffirmed (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Verette v Zia,* 44 AD3d 747 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]).

The affirmation of Dr. Stanley Liebowitz, Flores' treating orthopedist, was insufficient to raise a triable issue of fact as to whether Flores sustained a serious injury since Dr. Liebowitz clearly relied solely on the unsworn or unaffirmed reports of others in reaching his conclusions (*see Sorto v Morales,* 55 AD3d 718 [2008]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Furrs v Griffith,* 43 AD3d 389 [2007]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]).

The affirmed magnetic resonance imaging reports of Dr. Ravindra Ginde merely established that Flores had bulging discs in his cervical spine and a herniated disc in his lumbar spine as of April and May 2004. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]). The self-serving affidavit of Flores was insufficient to meet that requirement (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Young Soo Lee v Troia,* 41 AD3d 469 [2007]; *Nannarone v Ott,* 41 AD3d 441 [2007]).

Lastly, the plaintiffs failed to submit competent medical evidence that the injuries allegedly sustained by Flores in the subject accident rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park,*

50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.