■ JANNA FERBER, Respondent, v ROBERT MADORRAN et al., Defendants, and JOSEPH RAWAS et al., Appellants. [875 NYS2d 518]—

In an action to recover damages for personal injuries, the defendant Joseph Rawas appeals, as limited by his brief, and the defendants Sweet Irene Transportation Co., Inc., and Afridi J. Kausar separately appeal, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 8, 2008, as denied those branches of their respective motions which were for summary judgment dismissing so much of the plaintiff's complaint as sought to recover damages based on alleged serious injuries to her cervical spine, head, and right knee on the ground that she did not sustain such serious injuries within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the plaintiff to the appellants appearing separately and filing separate briefs, and those branches of the motion of the defendant Joseph Rawas, and the separate motion of the defendants Sweet Irene Transportation Co., Inc., and Afridi J. Kausar, which were for summary judgment dismissing so much of the plaintiff's complaint as sought to recover damages based on alleged serious injuries to her cervical spine, head, and right knee are granted.

The appellants met their prima facie burdens of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the Supreme Court erred in finding that the plaintiff raised triable issues of fact as to whether she sustained a serious injury to her cervical spine, head (in the form of headaches), or right knee within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In opposing the motions, the plaintiff principally relied upon the affirmation of her treating doctor, Dr. Leo E. Batash. His affirmation was without probative value since he clearly relied on unsworn reports of others in reaching his conclusions (*see Sorto v Morales*, 55 AD3d 718 [2008]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Furrs v Griffith*, 43 AD3d 389

[2007]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266, 267 [1995]).

The affirmed magnetic resonance imaging (hereinafter MRI) report of the plaintiff's cervical spine merely established that the plaintiff had a bulging disc at C4-5 as of March 31, 2003. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). The affidavit of the plaintiff was insufficient to meet that requirement (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Young Soo Lee v Troia*, 41 AD3d 469 [2007]; *Nannarone v Ott*, 41 AD3d 441 [2007]). It should further be noted that Dr. Howard Gelber, the radiologist who interpreted the March 2003 cervical spine MRI, failed to offer any opinion on the cause of the bulging disc he noted therein (*see Collins v Stone*, 8 AD3d 321, 322 [2004]).

The plaintiff failed to submit competent medical evidence that the injuries she allegedly sustained in the subject accident rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.