■ JOYCEANN TROPEANO et al., Respondents, v JAMES CHU-WEN FANG, Appellant. [878 NYS2d 458]—

In an action to recover damages for dental malpractice and lack of informed consent, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated July 28, 2008, as denied that branch of his motion which was for summary judgment dismissing the causes of action alleging injuries to the right eye of the plaintiff Joyceann Tropeano.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to the causes of action alleging injuries to the right eye of the plaintiff Joyceann Tropeano. As relevant to this branch of his motion, the defendant relied upon the affirmation of his expert, Dr. Paul

N. Orloff, a physician specializing in ophthalmology, who opined that the only evidence of Joyceann's claimed vision impairment was her "subjective complaint" and that she was "malingering in her examinations." However, this affirmation was not sufficient to satisfy the defendant's initial burden on summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Dr. Orloff's affirmation lacked probative value because he never examined the plaintiff, and his opinion that she was malingering was largely based on the unsigned, unsworn report of another ophthalmologist (*see Ferber v Madorran,* 60 AD3d 725 [2009]; *Besso v DeMaggio,* 56 AD3d 596, 597 [2008]). Accordingly, it is unnecessary to assess the sufficiency of the papers the plaintiffs submitted in opposition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Vera v Soohoo,* 41 AD3d 586, 588 [2007]).

The defendant's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.