■ Nino V. Terranova, Appellant, v David Acosta, Respondent. [24 NYS3d 697]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated June 12, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, in effect, denied that branch of his cross motion which was for summary judgment on the issue of whether he sustained a serious injury as a result of the subject accident, and denied, as academic, that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed report by the plaintiff's expert failed to raise a triable issue of fact because, while the expert opined that the plaintiff suffered significant limitations in the range of motion of the cervical spine, he failed to adequately quantify or qualify those restrictions (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Smeja v*

*Fuentes*, 54 AD3d 326, 327 [2008]; *Fudol v Sullivan*, 38 AD3d 593, 594 [2007]). For the same reasons, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of whether he sustained a serious injury as a result of the subject accident.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint, in effect, denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of whether he sustained a serious injury, and denied, as academic, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.